IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HUSSEIN KHALAF,

                Plaintiff,

v.                                                               OPINION and ORDER

IMMIGRATION AND CUSTOMS ENFORCEMENT                 24-cv-359-jdp
and CONTRACTORS,

                Defendants.

---

Plaintiff Hussein Khalaf, proceeding without counsel, alleges that contractors at three immigration detention facilities have violated his civil rights in several ways. Because Khalaf proceeds without prepaying the filing fee, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept Khalaf's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint because it improperly joins defendants and has other problems, but I will allow Khalaf to amend the complaint to fix these problems.

ALLEGATIONS OF FACT

Khalaf is a native of Iraq who is in the custody of Immigration and Customs Enforcement (ICE) pending removal proceedings. Khalaf alleges at least 10 different incidents during which staff members at three county jails that contract with ICE to house immigration detainees have violated his civil rights. I will summarize these incidents.

**Incident 1**: On June 14, 2023, at the Chase County Jail in Chase County, Kansas, Officer Neil verbally abused Khalaf by suggesting that there was a bomb in his mail. A grievance officer improperly denied Khalaf's complaint about Officer Neil's verbal abuse.

**Incident 2**: That month, Officer Benny retaliated against Khalaf by physically threatening him and giving him meat even though he's a vegetarian.

**Incident 3**: On September 15, 2023, Officer Jerry Gariety humiliated Khalaf and retaliated against him by telling him that he should be grateful that he received food considering that he was a noncitizen in removal proceedings.

**Incident 4:** Chase County Manager Larry Sigler retaliated against Khalaf by "exposing [his] asylum." Dkt. 1 at 3.

**Incident 5**: In January 2024, at the Kay County Detention Facility in Newkirk, Oklahoma, staff starved Khalaf for three days then transferred him back to the Chase County Jail because he refused to use the facial recognition system to get his food.

**Incident 6**: When Khalaf was transferred to the Dodge County Jail in February 2024, he was given meat many times even though he's a vegetarian. Khalaf filed a grievance, after which jail staff gave him half of the regular amount of food and served him cheese even though he's allergic to it.

**Incident 7**: At some point, Khalaf was denied a job for discriminatory reasons. After Khalaf complained about the discrimination to Department of Homeland Security staff, two American inmate workers made death threats against him. Khalaf reported those threats but no one cared.

**Incident 8**: Jail staff discriminated and retaliated against Khalaf by denying him copies.

**Incident 9**: Jail staff didn't allow Khalaf to see a doctor for a back injury.

**Incident 10**: ICE staff is retaliating against Khalaf by detaining him illegally.

ANALYSIS

I begin with the issue of joinder. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. A court may consider whether a plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

The multiple incidents that Khalaf alleges don't arise from the same set of events. Khalaf seeks to proceed against multiple individuals (many of whom he fails to specifically name as defendants) based on a minimum of 10 separate incidents that occurred at three detention facilities over several months. I take Khalaf to bring claims based on discrimination, retaliation, verbal abuse, inadequate nutrition, inadequate medical care, and other inadequate conditions of confinement. The incidents on which Khalaf bases these claims mostly happened on different dates and primarily involve different defendants.

Khalaf tries to tie some of these distinct incidents together by alleging retaliation, but his allegations are too vague to suggest the individuals who mistreated him had actual knowledge of his verbal complaints and grievances. *See Eaton v. J. H. Findorff & Son, Inc.*, 1 F.4th 508, 512 (7th Cir. 2021); *Healy v. City of Chicago*, 450 F.3d 732, 740 (7th Cir. 2006). In other words, Khalaf's allegations aren't enough to suggest that his complaints about mistreatment caused jail staff to retaliate against him. In any case, Khalaf alleges that jail staff violated his rights in other ways unrelated to his retaliation claims. Khalaf's multiple claims don't arise from the same set of events.

Because Khalaf attempts to proceed on various claims based on multiple incidents involving many different, but at times overlapping, defendants, it is impracticable to sever his complaint into separate lawsuits or dismiss the improperly joined defendants. *See Williams v. Foster*, No. 19-cv-1697, 2021 WL 148798, at *5 (E.D. Wis. Jan. 15, 2021). Instead, I will allow Khalaf to file an amended complaint that fixes this problem. Khalaf cannot bring all these claims in a single lawsuit.

Khalaf's complaint has other problems. Among other remedies, Khalaf seeks release from ICE custody so that he can return to Iraq. But release from custody is not available in a civil rights action against individual federal actors under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). Khalaf's remedies will likely be limited to money damages and injunctive relief to stop ongoing violations of his civil rights. Khalaf would have to challenge the legality of his detention in a habeas corpus petition brought under 28 U.S.C. § 2241.

Also, Khalaf has named ICE as a defendant. But federal agencies are improper defendants in a *Bivens* action. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Khalaf would have to name as defendants the individual ICE contractors who deprived him of his civil rights. I will give him more instructions on how to do that below.

CONCLUSION

I will give Khalaf a final chance to amend his complaint to fix the problems identified in this order. Khalaf should focus on a single incident, a single affidavit, or a closely related series of incidents.

I will require Khalaf to file his amended complaint on the court's nonprisoner complaint form, which the court will send him with this order. Khalaf must fill out the form completely. If Khalaf needs more space to allege his claims, he may submit no more than five supplemental pages. Any text or handwriting on the form or a supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily.

In drafting the amended complaint, Khalaf should be mindful that to state a claim, a pleading must contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Khalaf's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Khalaf should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Khalaf should identify the claims he wishes to bring in the amended complaint, but he should omit any legal arguments.

Khalaf should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his federal rights. Khalaf must explain what each defendant did, or did not do, that violated his federal rights. If there are multiple defendants, Khalaf should avoid referring to them collectively. For instance, if more than one defendant has taken a particular action that Khalaf believes supports a claim, he should identify each defendant who took that action. Khalaf also should identify by full name in the amended complaint's caption each individual that he wishes to sue. If Khalaf doesn't know the name of an individual who allegedly violated his federal rights, he may name that individual as a Doe defendant in the amended complaint's caption and body. To the extent feasible, Khalaf should give each Doe defendant as specific a

name as possible, such as "John Doe Day Shift Correctional Officer," or "Jane Doe Night Shift Nurse."

ORDER

IT IS ORDERED that:

1. Plaintiff Hussein Khalaf's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until October 4, 2024, to file an amended complaint that fixes the problems identified in this order.

3. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

4. If plaintiff fails to comply with this order, I may dismiss the case.

5. If plaintiff moves while this case is pending, he must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

6. The clerk is directed to send plaintiff copies of this order and the court's nonprisoner complaint package.

Entered September 4, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge